# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TONIANN TRAVAGLIO,

    Plaintiff,                          CASE # 8:25-cv-1809

v.

PITNEY BOWES INC.

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FLSA
## & DEMAND FOR JURY TRIAL

Plaintiff, TONIANN TRAVAGLIO, by and through the undersigned counsel, herein sues the Defendant, PITNEY BOWES INC. ("Defendant") pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, TONIANN TRAVAGLIO, brings this action for violations of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* ("FLSA"). Plaintiff alleges that she was not fully compensated for all overtime hours worked and that she suffered unlawful retaliation when he asserted her rights to overtime compensation.

2. The FLSA is our nation's foremost wage law. The overtime

requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff worked for Defendant under the job title of Payroll Tax and General Ledger Lead or Analyst.

4. Plaintiff was employed with Defendant from approximately October 2, 2023, until June 30, 2025.

5. Plaintiff worked under a hybrid model, working part of the week from Defendant's office located at 600 N. Westshore Boulevard, Tampa, and part of the week from her home in St. Petersburg, FL.

6. Throughout Plaintiff's employment with the Defendant, she was required to work over forty (40) hours per week to complete her job duties and responsibilities.

7. Throughout Plaintiff's employment she was required to work overtime hours without any additional payment or premium for overtime hours he worked.

8. Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked more than forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

9.      The Defendant should have but did not compensate Plaintiff with any premium for all hours worked more than forty (40) hours per workweek.

10.     The allegations in this pleading are made without any admission that, as to any allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

**PARTIES, JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, since this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq*.

12.     This Court has personal jurisdiction over this action because the Defendant operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Tampa, Hillsborough County, Florida.

13.     Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

14.     At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

15.     Defendant, PITNEY BOWES INC. is a foreign profit corporation with a principal address of 3001 Summer Street, Stamford, CT 06926-0700. Defendant may be served through its registered agent Corporation Service Company, at 1201 Hays Street, Tallahassee, FL 32301.

16.     The overtime wage provisions set forth in 29 U.S.C. Section 207

applies to the Defendant under enterprise coverage, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past 3 years and employs hundreds to thousands of employees.

17.     All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

18.     Plaintiff's primary job duty was to process payroll and to process executive stock, tax corrections and amendments, and to complete other reporting and auditing functions.

19.     Defendant paid Plaintiff on a salary basis and classified her position as exempt from overtime premiums under the FLSA.

20.     When the job was posted, only a 2-year associates degree was required for this position.

21.     All of Plaintiff's job duties were routine and standardized, and according to set procedures and protocols as created by Defendant and controlled by statutory and regulatory guidelines and standards.

22.     Plaintiff's role is like a bookkeeper or corporate payroll employee, job duties generally known to be non-exempt.

23.     Plaintiff did not hire or fire employees or hire employees.

24.     Plaintiff did not supervise 2 or more full time employees as

contemplated by the FLSA and executive exemption.

25.     Plaintiff's primary job duty did not meet the elements of the administrative exemption, and no other exemption under the FLSA could apply to Plaintiff's position.

26.     Plaintiff routinely worked more than 40 hours per week throughout the term of employment with Defendant; Plaintiff estimates that she routinely worked an average of 47 to 48 hours per week.

27.     Defendant knew that Plaintiff routinely worked more than 40 hours per week, and the same was both encouraged and expected by Defendant.

28.     Defendant did not track and record the times and work hours of Plaintiff.

29.     Despite regularly working more than 40 hours per week during her employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half her regular rate of pay for all hours worked more than forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

30.     At all times, Defendant classified Plaintiff as exempt from overtime pay, but never offered any explanation or basis, and no meetings were held on why Defendant classified Plaintiff's position as exempt from its overtime pay obligations under the FLSA.

31.     Defendant did not have reasonable grounds or a good faith basis under

the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

32.    Plaintiff's job position was subject to the FLSA wage provisions.

**COUNT I**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**29 U.S.C. § 201, *et seq.***

33.    Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34.    Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

35.    The Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

36.    The overtime wage provision set forth in FLSA Section 207 applies to Defendant as it has engaged in commerce under the definition of the FLSA and has revenues greater than $500,000 annually, as well as employment hundreds to thousands of employees.

37.    Throughout Plaintiff's employment with Defendant, she was not paid overtime compensation for all hours worked more than forty (40) per week, and Defendant knew that Plaintiff routinely worked more than 40 hours during her work weeks.

38.    Plaintiff did not exercise the requisite discretion, management, and

independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

39.    Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing employees.

40.    Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as her primary job duty was to process payroll and to process executive stock, tax corrections and amendments and to complete other reporting and auditing functions according to set procedures as created by Defendant.

41.    Plaintiff did not make decisions as an exempt administrator would, nor did he create policy.

42.    Plaintiff did not "manage" a department or manage other employees.

43.    Defendant is aware or should have been aware of the FLSA overtime pay obligations of Employers, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

44.    Defendant knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he her job duties were standardized and routine, thus typical of non-exempt job duties under the FLSA.

45.    Defendant willfully and intentionally engaged in a pattern and practice

of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked more than forty (40) per week.

46. Defendant knew or should have known that its classification of Plaintiff's position as exempt failed to meet or satisfy the elements of the administrative exemption.

47. During the relevant 3-year time, Defendant required Plaintiff, an employee under the FLSA, to regularly work more than forty (40) hours in a work week without payment of overtime. Defendant was aware Plaintiff was working over 40 hours routinely to perform her job duties.

48. Defendant knowingly and willingly failed to pay Plaintiff overtime wages (premiums) for all such hours worked over 40 in each and every workweek, for the purposes of decreasing labor costs and maximizing profitability.

49. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

50. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

51. Defendant has not made a good faith effort to comply with the FLSA

with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant including the following relief:

a. A judgment finding that Defendant willfully and in bad faith violated the overtime compensation sections of the FLSA by refusing to pay Plaintiff overtime premiums;

b. That the Court award Plaintiff overtime compensation and a premium for all the previous hours worked over forty (40) hours in each and every workweek for all overtime hours worked during the three (3) years preceding the filing of this complaint, AND award Plaintiff liquidated damages in an amount equal to the sum awarded for overtime wages; in addition to penalties and interest on said award pursuant to §216 of the FLSA;

c. Payment of her attorneys' fees and costs pursuant to § 216 of the FLSA for all causes of action; and

d. Any other legal and equitable relief as this Court may deem fair, just, or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated July 25, 2025.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
**Feldman Legal Group**

**FB #0080349**
12610 Race Track Rd #225
Tampa, Fl 33626
mfeldman@flandgatrialattorneys.com
tel 813 639-9366
*Lead Attorney for Plaintiff*