# FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement (the "Agreement") is made between Tonniann Travaglio ("Plaintiff") and Pitney Bowes Inc. ("Defendant") (collectively, "the Parties"). The Parties hereby agree as follows:

1.      **Reason for Agreement.** Plaintiff filed a Complaint in the United States District Court in the Middle District of Florida styled *Toniann Travaglio v. Pitney Bowes Inc.* under No. 8:25-cv-1809 (the "Lawsuit") alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (the "Claims"). The Parties disagree as to whether Plaintiff has viable claims. However, the Parties desire to fully and finally resolve the Lawsuit and any additional wage and hour claims that Plaintiff might have against Defendant. For this reason, the Parties enter into this Agreement to settle Plaintiff's Claims.

2.      **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of a violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3.      **Monetary Consideration.** To resolve the Claims, Defendant has agreed to pay Plaintiff the sum of $12,900.00 in wages and liquidated damages plus the sum of $11,500 in reimbursement for incurred attorney's fees and costs, and $390 in additional consideration for specified terms, the total of which is **$24,790.00** (hereinafter the "Settlement Payment"). Defendant will electronically make these payments to Plaintiff and Feldman Legal Group within 21 days of the latest of Defendant's receipt of: (1) a current W-4 from Plaintiff; (2) a current W-9 from Plaintiff and Plaintiff's counsel; (3) this Agreement executed by Plaintiff; (4) electronic banking payment information for Plaintiff and Plaintiff's counsel; and, (5) the Court entering an Order approving of this Settlement. The Settlement Payment is allocated as follows:

(a)     A payment to **Toniann Travaglio** in the gross amount of **$12,500**, less all applicable taxes, withholdings, and deductions in compromise for her contested claims for overtime wages;

(b)     A payment to **Toniann Travaglio** in the amount of **$400** in compromise for her contested claims for liquidated damages.

(c)     A payment to **Toniann Travaglio** in the amount of **$390** in exchange for: (1) the inclusion of select non-parties to the release, (2) the release of wage claims beyond those that arise under federal or state wage laws, and (3) the tax indemnification provision included within this Agreement.

(d)     A payment to **Feldman Legal Group** in the amount of **$11,500** for attorneys' fees and costs incurred by Plaintiff in pursuing her claims. The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs

1

was negotiated separately from and without regard to the amount sought for unpaid wages.

Defendant will issue an IRS Form W-2 for the payment issued in paragraph 3(a) above. Defendant will issue an IRS Form 1099 for the payments issued in paragraphs 3(b), (c) and (d) above.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that she has now been paid all wages, including any claimed overtime, worked during her employment with Defendant. Plaintiff further agrees that Defendant does not owe her any other monies with regard to unpaid or underpaid compensation associated with her hours worked. Finally, Plaintiff agrees that the above payments represent full compensation for the Claims asserted in the Lawsuit and any wage claim that Plaintiff might have under the Fair Labor Standards Act or an equivalent state or local law is now moot.

4.      **Waiver and Release of Claims.** Plaintiff hereby remises, acquits, releases, satisfies, and discharges, on her own behalf and on behalf of anyone who could claim by or through her, Defendant, and its predecessors and successors in interest, assignees, parents, subsidiaries, professional employment organizations, divisions, and related companies and entities, and their past, present, and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives (hereafter collectively referred to as "Releasees"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all wage-related claims and demands, past or present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bills, bonds, covenants, contracts, controversies, agreements, promises, variances, damages, judgments, executions, warranties, and claims whatsoever, in law or in equity, raising any claim for violation of wage laws or seeking damages in connection with an error in payment or underpayment of wages, whether arising under the FLSA, state law, or other law or ordinance, which Plaintiff and her heirs, executors, administrators, agents, beneficiaries, successors in interest and assignees, ever had or now have, by reason of any matter whatsoever, from the beginning of time through the date of Plaintiff's execution of this Agreement. Plaintiff agrees to never file a lawsuit or other legal claim against Releasees for any wage-related claim released in this Agreement.

5.      **Settlement Approval and Dismissal.** Within three days after the execution of this Agreement by all parties, Plaintiff will file a notice of settlement with the Court. Within ten days after submitting a notice of settlement, the Parties will file a Joint Motion for Approval of Settlement with the Court. If the Court fails to approve the settlement of this matter, the Parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the Claims are not dismissed with prejudice after the Parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

6.      **Tax Payment.** Other than withholdings and deductions associated with paragraph 3(a) above, including employer's share of the payroll taxes (FICA), Plaintiff shall

2

pay any and all taxes that may be due as a result of the Settlement Payment. Plaintiff agrees and affirms that she is not relying on any representation made by Defendant concerning whether or not the Settlement Payment is taxable as wages, as income, or otherwise, or concerning the amount of taxes that she may be required to pay as a result of the Settlement Payment. Plaintiff agrees that she will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the Settlement Payment. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement. This section does not modify Defendant's responsibility with respect to legally required wage withholdings, including those identified in paragraph 3 of this Agreement.

7.      **Transfer of Claims.** Plaintiff represents and warrants that she has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity, any released claim. Plaintiff agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit her from entering into this Agreement.

8.      **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors, and assigns.

9.      **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that she has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any question she may have had during review of the Agreement has been explained to her satisfaction and understanding. Plaintiff understands that she is not waiving any rights or claims which may arise after the date that this Agreement is executed. Plaintiff has been advised and is again advised herein to consult with an attorney of her own choosing and Plaintiff affirms she has consulted with or had the opportunity to consult with legal counsel regarding this matter prior to the execution of the Agreement.

10.      **Breach.** The Parties acknowledge that any breach of this Agreement shall entitle the non-breaching party to all applicable damages, including injunctive relief to enjoin the actions of the breaching party. The prevailing party in any such action shall be entitled to attorneys' fees and costs incurred in enforcing the breach.

11.      **Modification of the Agreement.** Any uncertainty or ambiguity shall not be construed for or against any party as the Parties participated in its drafting together. Furthermore, this Agreement shall not be subject to modification or amendment except by written amendment that specifically references this Agreement signed by both Parties prior to the Court's approval of this Agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Jurisdiction and Venue.** The Parties agree that the courts serving Hillsborough County, Florida shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement.

15. **Counterparts.** This Settlement Agreement and Release may be executed in multiple counterparts, each of which will be deemed an original, but which together will be deemed one instrument.

**I HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

*ToniAnn Travaglio*
ToniAnn Travaglio (Dec 19, 2025 10:51:09 EST)

Toniann Travaglio

12/20/25

Date

Pitney Bowes Inc.

By: _____

Date: _____

Print: _____

Title: _____

4